NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HARVEY CARROLL, JR.,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1613

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-3616, Judge Bruce E. Kasold.

---

Decided: September 14, 2016

---

HARVEY CARROLL, JR., Richmond, KY, pro se.

DOUGLAS GLENN EDELSCHICK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; Y. KEN LEE, CHRISTOPHER O. ADELOYE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before PROST, *Chief Judge,* DYK, and STOLL, *Circuit Judges.*

PER CURIAM.

Harvey Carroll, Jr. appeals the judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which held that the Board of Veterans' Appeals ("Board") did not err in its denial of disability benefits. The Board found that Carroll did not provide evidence of an in-service event that would cause post-traumatic stress disorder ("PTSD") and that his renal cancer, a cyst in his kidney, a cyst in his testicle, and epididymitis were not service connected. We *affirm*.

## BACKGROUND

Carroll served on active duty military between June 1983 and May 1986, and continued his service post-discharge in the Individual Ready Reserve ("IRR") until June 1989. In 2008, Carroll filed a disability claim with the Department of Veterans Affairs ("VA") requesting disability benefits based on allegedly service-connected PTSD and various conditions allegedly related to radiation exposure during service. Carroll claims, among other things, that he was exposed to ionizing radiation at some point during his active duty through his involvement in a "pulse nuclear reactor exercise to terrorist threat" at a classified location. J.A. 23. The Regional Office ("RO") denied Carroll's service connection for each of the alleged conditions.

In 2014, Carroll appealed to the Board, which affirmed the RO's determination. The Board found "no diagnosis of PTSD, [and] no evidence of an in-service incurrence of a psychiatric disability." J.A. 17. As to Carroll's claim that his various other disabilities resulted

from in-service exposure to radiation, the Board found "insufficient evidence of radiation exposure" given that "there is no service documentation and [Carroll] did not have a military occupational specialty that would involve such exposure." J.A. 25. The Veterans Court affirmed.

## DISCUSSION

This court has "jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). The court "may not review . . . a challenge to a factual determination, or . . . a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Carroll first argues that the VA misstates his "in-service dates," and therefore failed to recognize that he developed PTSD following stressor events that occurred during his active duty service. The Veterans Court reviewed the record and held that the Board did not clearly err in its finding that Carroll served on active duty between June 1983 and May 1986. Although Carroll argues that his IRR services were active duty, the Veterans Court affirmed the Board's finding of no evidence that Carroll "had active duty, active duty for training, or inactive duty training with line-of-duty injuries" while in the IRR. J.A. 6 (citing 38 U.S.C. §§ 1110, 101(24)(C)). To the extent that Carroll asks us to revisit these factual findings, we are without jurisdiction to do so. *See* 38 U.S.C. § 7292(d)(2).

Second, Carroll challenges the Veterans Court's holding that he was not competent to self-diagnose his PTSD. In *Jandreau v. Nicholson*, we held that "[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is

reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." 492 F.3d 1372, 1377 (Fed. Cir. 2007) (footnote omitted). We identified a distinction between conditions that are "simple" and may be more amenable to competent lay diagnosis, such as a broken leg, and conditions that are less simple, such as a form of cancer. *See id.* at 1377 n.4. Here, the Board determined that Carroll was not competent to self-diagnose his PTSD. The Veterans Court found no error in the Board's finding that Carroll was not competent to give a self-diagnosis of PTSD. We see no legal error in the Veterans Court's determination given the complexity involved in a PTSD diagnosis.

Third, Carroll argues that the Veterans Court erred in failing to credit his statements that he was exposed to radiation during service. We may not review such factual determinations. Given the Veterans Court's determination we also see no error in its determination that Carroll was not entitled to a presumption of service connection under 38 U.S.C. § 1112(c) and 38 C.F.R. § 3.309(d). The Board found that the presumption of service connection did not apply because Carroll had not alleged that he was involved in a "radiation risk activity" as it is narrowly defined. Again, review of that determination is beyond our jurisdiction.

Fourth, Carroll asserts that the VA failed in its duty to assist by failing to conduct a psychiatric examination to determine whether he suffered from PTSD. Service connection for PTSD for non-combat veterans requires evidence of the existence of an in-service stressor. 38 C.F.R. § 3.304(f). The Veterans Court found no error in the Board's determination that a medical examination was not necessary because, as a factual matter, there was no evidence that Carroll's alleged PTSD was linked to his service or that it manifested itself during the applicable presumptive period. Review of the Veterans Court's

determination is beyond our jurisdiction. The other arguments regarding duty to assist that Carroll sets forth in his Supplemental Brief were either not addressed by the Veterans Court or involve purely factual determinations which we have no jurisdiction to review.

## **AFFIRMED**

### COSTS

No costs.